

James O. Fleckner
+1 617 570 1153
JFleckner@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

goodwinlaw.com
+1 617 570 1000

June 3, 2020

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/4/2020

**Re:   Haley v. Teachers Insurance and Annuity Association of America, No. 1:17-cv-00855-JPO**

Dear Judge Lehrburger:

     Pursuant to the Appendix to Your Honor's Individual Practices, Defendant Teachers Insurance and Annuity Association of America ("TIAA") submits this letter to request that TIAA be permitted to file under seal portions of the transcript of the December 19, 2019 Deposition of Carrie Strathmann, Exhibit 4 to the Declaration of James O. Fleckner in Support of Defendant's Opposition to Plaintiff's Motion to Compel and Motion to Extend Fact Discovery.

The deposition transcript cited above reflects TIAA's sensitive business information, and was designated "Confidential" pursuant to the Stipulation and Protective Order entered in the case (Dkt. 60). The disclosure of this sensitive business information to the public and competitors could cause significant harm to TIAA. Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d. Cir. 2006), the presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. The sealing of documents may be justified to preserve "higher values," including the need to protect an entity from "competitive injury." *Id.* at 124; *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing sensitive business information). Consistent with the balancing test set forth in *Lugosch*, courts routinely permit parties to seal or redact business materials that, if disclosed, may result in competitive harm. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies and policies); *GoSMiLE, Inc. v. Dr. Johnathan Levine*, D.M.D. P.C., 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material" because privacy interests "outweigh the presumption of public access").

     Here, the factors weigh in favor of maintaining the confidentiality of the redacted information in this discovery dispute. The information sought to be redacted falls into the wcategory of internal documents reflecting TIAA's cost of running its business that generally, for competitive harm reasons, are treated as confidential. This situation is distinct from *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016), as *Bernstein* involved allegations of impropriety by a public entity, not a private organization's propriety business information.

     The requested relief is necessary and narrowly tailored to protect the confidentiality of the materials produced by TIAA in this case, and maintaining that confidentiality does not deprive the public of critical information. For these reasons, TIAA respectfully requests that the Court permit portions of the above-referenced document to be filed under seal.

Honorable Robert W. Lehrburger, U.S. Magistrate Judge
Page 2

                                        Respectfully submitted,

                                        /s/ James O. Fleckner
                                        James O. Fleckner, *admitted pro hac vice*
                                        Goodwin Procter LLP
                                        100 Northern Avenue
                                        Boston, MA 02210
                                        (617) 570-1000
cc: Counsel of record via ECF          jfleckner@goodwinlaw.com

The application to seal is denied without prejudice. A renewed application must describe with greater specificity the nature of the information requested to be sealed, specify the portions (pages and line numbers) of the deposition to be filed under seal, and indicate whether or not Plaintiff opposes the request.

SO ORDERED:

6/4/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE