

James O. Fleckner
+1 617 570 1153
JFleckner@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

goodwinlaw.com
+1 617 570 1000

June 10, 2020

VIA ECF
The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2020
```

**Re:**   **Haley v. Teachers Insurance and Annuity Association of America, No. 1:17-cv-00855-JPO**

Dear Judge Lehrburger:

  Pursuant to Section B of the Appendix to Your Honor's Individual Practices, Defendant Teachers Insurance and Annuity Association of America ("TIAA") submits this letter to request that small portions of Dkt. 99-1, 100-1 and 103-4 be filed under the seal.[1]  Specifically, TIAA requests that it be allowed to redact and file under seal the specific dollar amounts that it incurred in providing loan services, which appear on three pages of these filings, with the proposed redactions set forth in Exhibit 1 attached hereto. The dollar amounts appear in three separate places in the documents before the Court:

- Column P, Rows 2-40 of Exhibit C to the Declaration of Todd Collins in Support of Plaintiff's Motion to Compel with Exhibits A-E (Dkt. 99-1 (redacted version) and 100-1 (unredacted version) at Exhibit C, p. 4 [page 19 of the pdf]);

- The second and seventh rows of information in Exhibit D to the Declaration of Todd Collins in Support of Plaintiff's Motion to Compel with Exhibits A-E (Dkt. 99-1 (redacted version) and 100-1 (unredacted version) at Exhibit D [page 21 of the pdf]); and

- Transcript page 117, lines 4, 5, 6, and 8 of Exhibit 4 to the Declaration of James O. Fleckner in Support of Defendant's Opposition to Plaintiff's Motion to Compel and Motion to Extend Fact Discovery (Dkt. 103-4 at 117).

TIAA has sought to minimize the amount of information to be filed under seal and therefore withheld from the public.  If the Court grants this letter motion to seal, then everything else in Dkts. 99 and 100 (Plaintiff's letter motion to compel and supporting declaration, in redacted and unredacted form) and 103 (TIAA's declaration in support of its opposition to Plaintiff's letter motion to compel) will be public, unredacted, and unsealed.

---

[1] TIAA previously requested in a letter motion that the same limited portion of one page of Dkt. 103-4 be filed under seal.  Dkt. No. 104.  The Court denied that letter motion without prejudice and stated that "[a] renewed application must describe with greater specificity the nature of the information requested to be sealed, specify the portions (pages and line numbers) of the deposition to be filed under seal, and indicate whether or not Plaintiff opposes the request."  Dkt. 106.  This letter motion constitutes that renewed application and as described above also seeks the sealing of limited portions of two pages from Plaintiff's filing of Dkts. 99-1 (redacted version) and 100-1 (unredacted version).

ACTIVE/103655624

Plaintiffs have not consented to sealing the limited portions of the three pages described above. Specifically, TIAA conferred with Plaintiff regarding confidential information in Plaintiff's Letter Motion to Compel (Dkt. 99 (redacted version) and 100 (unredacted version)); the Declaration of Todd Collins in Support of Plaintiff's Motion to Compel with Exhibits A-E (Dkt. 99-1 (redacted version) and 100-1 (redacted version)); and Exhibit 4 to the Declaration of James O. Fleckner in Support of Defendant's Opposition to Plaintiff's Motion to Compel and Motion to Extend Fact Discovery (Dkt. 103-4). TIAA informed Plaintiff that TIAA would agree to removal of all redactions in Plaintiff's Letter Motion to Compel (Dkts. 99 and 100); all redactions in the Declaration of Todd Collins in Support of Plaintiff's Motion to Compel (Dkts. 99-1 and 100-1); all redactions in Exhibits A, B, and E attached thereto; and the vast majority of redactions in Exhibits C and D thereto, with the exception of specific dollar amounts identified on three pages noted above. After conferring, Plaintiff refused to consent to sealing the limited portions of the three pages identified above.

The information TIAA seeks to have remain filed in redacted form, which was designated "Confidential" pursuant to the Stipulation and Protective Order entered in the case (Dkt. 60), concerns TIAA's confidential business information about the costs it incurs in offering certain services—specifically, the actual dollar figures that TIAA incurred or allocated in connection with offering participant loan services. Disclosure of this sensitive information to the public and competitors would provide insight into TIAA's confidential business operations and could cause competitive harm to TIAA. Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d. Cir. 2006), the presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. The sealing of documents may be justified to preserve "higher values," including the need to protect an entity from "competitive injury." *Id*. at 124; *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing sensitive business information). Consistent with the balancing test set forth in *Lugosch*, courts routinely permit parties to seal or redact business materials that, if disclosed, may result in competitive harm. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies and policies).

Here, the factors weigh in favor of maintaining the confidentiality of the limited redacted information in this discovery dispute. The specific dollar figures that TIAA seeks to file under seal fall into the category of internal documents reflecting TIAA's cost of running its business that generally, for competitive harm reasons, is treated as confidential. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Johnathan Levine*, *D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material" concerning defendants' "costs" because privacy interests "outweigh the presumption of public access"). Further, this situation is distinct from *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016), as *Bernstein* involved allegations of impropriety by a public entity, not a private organization's propriety business information.

The requested relief is necessary and narrowly tailored to protect the confidentiality of the materials produced by TIAA in this case, and maintaining that confidentiality does not deprive the public of critical information. Indeed, the dollar figures at issue are not relevant to the relief Plaintiff seeks in the letter motion to compel—and TIAA does not seek to have any portion of Plaintiff's letter motion or TIAA's opposition thereto redacted or filed under seal. This request pertains only to limited portions of the ancillary supporting material. For these reasons, TIAA respectfully requests that the Court permit limited redactions in the publicly-available versions of Exhibits C and D to the Declaration of Todd Collins in Support of Plaintiff's Motion to Compel (Dkt. 99-1 and 100-1) and Exhibit 4 to the Declaration of

Honorable Robert W. Lehrburger
Page 3

James O. Fleckner in Support of Defendant's Opposition to Plaintiff's Motion to Compel and Motion to Extend Fact Discovery (Dkt. 103-4).

                                      Respectfully,

                                      /s/ James O. Fleckner
                                      James O. Fleckner, *admitted pro hac vice*
                                      Goodwin Procter LLP
                                      100 Northern Avenue
                                      Boston, MA 02210
                                      (617) 570-1000
cc: Counsel of record via ECF           jfleckner@goodwinlaw.com

SO ORDERED:

6/10/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

ACTIVE/103655624