

James O. Fleckner
+1 617 570 1153
JFleckner@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

goodwinlaw.com
+1 617 570 1000

July 1, 2020

VIA ECF
The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/2020

**Re:   Haley v. Teachers Insurance and Annuity Association of America, No. 1:17-cv-00855-JPO-RWL**

Dear Judge Lehrburger:

     Pursuant to Section B of the Appendix to Your Honor's Individual Practices, Defendant Teachers Insurance and Annuity Association of America ("TIAA") submits this letter to request that one number reflected on Dkt. 110, the transcript of the parties' June 12, 2020 appearance before Your Honor, be filed under seal. Specifically, TIAA requests that before making the transcript publicly available, the Court Reporter be directed to redact the specific dollar amount that Plaintiff's counsel stated that TIAA received in "spread compensation" for its collateral loan service. The proposed redaction appears on page 9, lines 2-3, of the transcript and is set forth in Exhibit 1 attached hereto. Plaintiff has consented to the relief sought in this letter motion.

     The information TIAA seeks to have redacted concerns TIAA's confidential business information about the spread compensation it receives in offering certain services—specifically, the actual dollar figure that Plaintiff's counsel calculated, using confidential information that TIAA produced in discovery, of the difference between the amount of interest that borrowing participants paid and the amount borrowing participants were credited on loan collateral. Disclosure of this sensitive information to the public and competitors would provide insight into TIAA's confidential business operations and could cause competitive harm to TIAA. Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d. Cir. 2006), the presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. The sealing of documents may be justified to preserve "higher values," including the need to protect an entity from "competitive injury." *Id.* at 124; *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing sensitive business information). Consistent with the balancing test set forth in *Lugosch*, courts routinely permit parties to seal or redact business materials that, if disclosed, may result in competitive harm. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies and policies).

     Here, the factors weigh in favor of maintaining the confidentiality of the figure TIAA seeks to redact. The specific dollar figure that TIAA seeks to file under seal is the type of information reflecting a company's revenues that is treated as confidential for competitive harm reasons. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 608, 614 (S.D.N.Y. 1998) (holding confidential business information should be sealed, including: "breakdowns of defendants' revenues and

Honorable Robert W. Lehrburger
July 1, 2020
Page 2

expenses . . . and the amounts actually remitted by cable operators to HBO"); *see also Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) ("[T]he Court agrees with Plaintiffs that all of these statements" "related to [Plaintiffs'] sales and revenue" "should be redacted because Plaintiffs would be competitively harmed if they were revealed."). Further, this situation is distinct from *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016), as *Bernstein* involved allegations of impropriety by a public entity, not a private organization's propriety business information. Moreover, the specific dollar figure was not directly relevant to the specific discovery disputes that the Court addressed during the June 12 hearing.

The requested relief is necessary and narrowly tailored to protect TIAA's confidentiality, and maintaining that confidentiality does not deprive the public of critical information. Thus, TIAA respectfully requests that the Court permit the narrowly targeted, limited redaction in the publicly-available version of the June 12, 2020 transcript (Dkt. 110).

        Respectfully,

        /s/ James O. Fleckner
        James O. Fleckner, *admitted pro hac vice*
        Goodwin Procter LLP
        100 Northern Avenue
        Boston, MA 02210
        (617) 570-1000
cc: Counsel of record via ECF    jfleckner@goodwinlaw.com

Defendant's request to redact is granted.

SO ORDERED:

7/2/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

# Exhibit 1

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                              Docket #17cv855
  HALEY,                                :  1:17-cv-00855-JPO-RWL

                  Plaintiff,            :

  - against -                           :

  TEACHERS INVESTMENT AND ANNUITY       :  New York, New York
  ASSOCIATION,                             June 12, 2020
                  Defendant.            :

------------------------------------:  TELEPHONE CONFERENCE

                      PROCEEDINGS BEFORE
              THE HONORABLE ROBERT W. LEHRBURGER,
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:        BERGER MONTAGUE PC
                          BY:  TODD COLLINS, ESQ.
                          1818 Market Street, Suite 3600
                          Philadelphia, Pennsylvania 19103

                          SCHNEIDER WALLACE COTTRELL
                          KONECKY LLP
                          BY:  JOHN NESTICO, ESQ.
                          6000 Fairview Road, Suite 1200
                          Charlotte, North Carolina 28210

For the Defendants:       GOODWIN, PROCTER, L.L.P.
                          BY:  JAMES O. FLECKNER, ESQ.
                               MICHAEL ISENMAN, ESQ.
                               MOLLY LOUISE LEIWANT, ESQ.
                          Exchange Place
                          Boston, Massachusetts 02109


Transcription Service: Carole Ludwig, Transcription Services
                       155 East Fourth Street #3C
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

relevant to this case for like 980,000 loans, is $▇▇▇▇▇▇▇. And what this case is about is various prohibited transactions under ERISA because they were taking too much, they were charging amounts that were way beyond reasonable, way beyond adequate, and what they were doing was profiting not just from this loan interest but also from the collateral and what they were taking on the collateral. If this were a situation in which the collateral earns 3 percent and TIAA turns that 3 percent earned on the borrowing participants collateral over to the borrowing participants, then it would be entirely different, but what we're dealing with is a situation where TIAA makes a lot of money on the loan interest and a lot of money on the collateral that is invested that, of course, is the collateral of the borrowing participants. So it's absolutely critical to us that we find out what that spread was on the collateral earnings and we understand the position of TIAA to be they'll tell us what the crediting rate is, that is what percent you earn as a borrowing participant on the collateral, but we can't find out what TIAA earned on that collateral. If we knew what TIAA earned then we could get a better sense of the total amount that TIAA profits from the collateralized loan program. And that's key to our case.

THE COURT: Thank you for explaining that. I think